# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6276 | DATE | 1/2/2001 |
| CASE TITLE | Humana Health Plan, Inc., et al. vs. Heritage Indiana Medical Group, P.C., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Humana's Motion to Dismiss Count II of Heritage's Amended Counterclaim [29-1] is granted. Count II of Heritage's Amended Counterclaim is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 0 2 2001 | 35 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 01 JAN -2 PM 4:06 | date mailed notice |
| KMc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMANA HEALTH PLAN, INC., HUMANA HEALTHCHICAGO, INC., HUMANA HEALTHCHICAGO INSURANCE CO., and HUMANA INSURANCE CO., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> HERITAGE INDIANA MEDICAL GROUP, P.C., and HERITAGE MIDWEST MEDICAL MANAGEMENT, Inc., also known as HERITAGE MIDWEST MEDICAL GROUP, <br><br> Defendants. | Case No. 99 C 6276 <br><br> Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

Humana Health Plan, Inc., Humana Healthchicago, Inc., Humana Healthchicago Insurance Co., and Humana Insurance Co. (collectively "Humana") bring this action against Heritage Indiana Medical Group and Heritage Midwest Medical Management, Inc. (collectively "Heritage") seeking damages for Breach of Contract and Account Stated arising out of an alleged breach of an Affiliated Medical Group Agreement ("Agreement") entered into by the parties. On June 29, 2000, Heritage filed an Answer to the Amended Complaint and Counterclaim against Humana entitled "Counterclaim for an Accounting by Reason of Humana's Breach of Contract." Humana moved to

dismiss this Counterclaim, and Heritage ultimately withdrew it, in order to file an Amended Counterclaim in Count II entitled "Heritage's Amended Counterclaim for Humana's Breach of Contract and, Alternatively, for an Accounting."

This cause is now before the Court on Humana's Motion to Dismiss Count II of Heritage's Amended Counterclaim, filed on October 11, 2000. Heritage filed an Answering Memorandum in Opposition to Humana's Motion to Dismiss on November 1, 2000, and Humana filed its Reply on November 17, 2000. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, Humana's Motion to Dismiss Count II of Heritage's Amended Counterclaim is GRANTED.

**I. Analysis**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. Triad Assocs., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir.1989). In considering a motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir.1995). A court should not grant a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In Count I of the Amended Counterclaim, Heritage asserts a breach of contract claim which alleges that Humana failed to comply with the terms of the Agreement. Count I asserts, in particular, "failures to follow the express provisions and settlement procedures of the Agreement." (Am. Counterclaim, ¶ 10.) Heritage further alleges in Count I that it is "entitled to be made whole under

2

the Agreement by . . . award of contract damages." Count II of the Amended Counterclaim states a cause of action for an accounting arising from Humana's alleged breach of contract, averring that Humana engaged in activities which "failed to comply with the terms of the Agreement." (Am. Counterclaim ¶¶ 17-19.) Heritage also asserts that Humana's ability to exercise discretion "create[d] a relationship of trust, confidence and dependence, similar to that of a fiduciary duty. . . ." (Am. Counterclaim ¶ 23.)

Humana maintains that Heritage has not met the prerequisites for stating a claim for the equitable remedy of an accounting. A federal court sitting in diversity applies the law of the forum state, in this case, Illinois. Soo Line Railroad Co v. Escanaba & Lake Superior Railroad Co., 840 F.2d 546, 552 (7th Cir. 1988). Under Illinois law, in order to state a claim for accounting, a plaintiff "must allege the absence of an adequate remedy at law and either a breach of a fiduciary relationship, a need for discovery, fraud, or the existence of mutual accounts which are of a complex nature." 3 Com Corporation v. Electronic Recovery Specialists, Inc., 104 F. Supp.2d 932, 942 (N.D. Ill., 2000). Usually, "the lack of an adequate legal remedy" is a precondition to asserting an accounting claim. Id. One exception to this rule exists, however, when the accounting claim is based upon a breach of fiduciary duty. Id. A second exception has been recognized when "the accounts between the parties are of such a complicated nature that only a court of equity can unravel them." Oil Express National, Inc. v. Latos, 966 F. Supp. 650, 652 (N.D. Ill. 1997).

In this case, Heritage's Counterclaim does not explicitly claim the absence of an adequate remedy at law. On the contrary, Heritage's Counterclaim includes a claim for breach of contract. Moreover, Heritage's allegation in Count I that it is "entitled to be made whole under the Agreement by . . . award of contract damages" implicitly acknowledges that such an award would constitute an

adequate remedy at law.[1] Therefore, Heritage's accounting claim should be dismissed unless Heritage can establish it falls under either the fiduciary duty or complexity exception to the general rule.

Heritage alleges both exceptions in its proposed Amended Counterclaim. In paragraph 23, Heritage asserts that: "Humana's exercise of such discretion with respect to the Funds and its IBNR estimated setoffs creates a relationship of trust, confidence and dependance, similar to that of a fiduciary duty, which makes it appropriate for an equitable accounting." In paragraph 27(e), the Amended Counterclaim states that: "The accounting as to the Funds is complicated by reason of individual issues . . . ." The Court finds neither of these allegations to be sufficient to survive Humana's motion to dismiss.

### A. Breach of Fiduciary Duty

As to the claim that a fiduciary relationship exists between Heritage and Humana, "[i]t is well established under Illinois law that parties to a contract . . . do not owe a fiduciary duty to one another." Oil Express Nat'l Inc. v. Barnas, 958 F. Supp. 366, 370 (N.D. Ill. 1997). There are some circumstances, however, where a contractual relationship may evolve into a fiduciary relationship. Generally, when "one party reposes trust and confidence in another who thereby gains a resulting influence and superiority over the first" a fiduciary relationship may be established. Oil Express Nat'l, Inc. v. Latos, 966 F. Supp. 650, 651 (N.D. Ill. 1997) (citing In Re

---

[1] In Paragraph 25 of its Amended Counterclaim, Heritage states that it does not have an adequate remedy at law: "Counterclaimants do not have an adequate remedy at law with respect to Humana's actions based on the claimed justification of medical necessity and Humana's assumed exercise of discretion with respect to underfunded contributions, and unauthorized and unjustified withdrawals and setoffs to the Funds." However, Heritage includes these claims in its breach of contract claim in Count I of its Amended Counterclaim, (Am. Counterclaim ¶ 9(j),(k)), thereby contradicting its claim that there is no adequate remedy at law.

4

Estate of Wernick, 502 N.E.2d 1146, 1153 (Ill. App. Ct. 1986)).

Factors which suggest the presence of a fiduciary relationship between businesses include "the degree of business experience between the parties" and the "extent to which the allegedly subservient party entrusts the handling of his business and financial affairs to the other [party] . . . ." Id.(citing In Re Estate of Wernick, 502 N.E.2d 1146, 1153 (Ill. App. Ct. 1986)). In Oil Express Nat'l, Inc. v. Burgstone, 958 F. Supp. 366, 369 (N.D. Ill. 1997), the court found that a party must establish that it was "heavily dependent upon the advice of another" to establish the existence of a fiduciary duty. Citing to Carey Elec. Contracting, Inc. v. First National Bank of Elgin, 392 N.E.2d 759, 763 (1979), the court in Burgstone stated: "Normal trust between friends or businesses, plus a slightly dominant business position, do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship. A confidential relationship only goes to a situation where one party, because of some close relationship, relies very heavily on the judgment of another." Burgstone, 958 F. Supp. at 370-71.

Heritage's allegation that Humana's ability to exercise discretion with respect to the Funds and its IBNR estimated setoffs created a relationship of trust, confidence and dependence, similar to that of a fiduciary duty is simply not sufficient to establish that a fiduciary relationship existed. There is no allegation that Heritage is less sophisticated or that it holds less business savvy and experience than Humana such that Humana could have gained influence and superiority over Heritage. Heritage's claims regarding Humana's discretion to contribute fewer dollars to the Funds based on "medical necessity" and Humana's practice of charging balance estimates for claims to be paid later and its failure to credit the Funds with the interest are not sufficient. They do not establish, or even suggest, that Humana held a position of superiority

5

over Heritage such that Heritage was subservient to Humana, or dependent on Humana for advice, as is the case in other fiduciary relationships such as attorney and client, principal and agent, or trustee and beneficiary. Humana either complied with the provisions of the contract between the two parties or it did not, and Heritage's remedy if it did not is its breach of contract action.

In its Answering Memorandum to Humana's motion to dismiss, Heritage qualifies its claims regarding the existence of a fiduciary duty by stating:

> In support of its counterclaim, Heritage does not rely on a breach of fiduciary duty claim as Humana suggests . . . . Rather Heritage alleges that Humana's exercise of discretion in reducing fund balances and its practices of making "Incurred But Not Reported" ("IBNR") estimated charges created a relationship of trust, confidence and dependence, "similar to that of a fiduciary duty," which makes an equitable accounting remedy appropriate because Heritage was forced to rely that Humana would exercise discretion fairly and equitably, in good faith.

(Heritage's Answering Mem. at 3, footnote 1.) However, there is no case law supporting the proposition that if a party, attempting to state a claim for an equitable accounting, cannot meet the fiduciary duty exception, that party may meet the exception by asserting the relationship is *similar to* a fiduciary relationship. Heritage's assertion of a quasi-fiduciary relationship does not succeed where it cannot meet the ordinary fiduciary duty exception.

### B. Complexity

Heritage also contends that the claims between the parties are of such a complicated nature that only a court of equity can decipher them.[2] It asserts that the medical necessity

---

[2] The Court notes that Heritage argues that these issues are not suitable for resolution by a court of law, however, it includes them in its breach of contract allegations in Count I. (Am. Counterclaim ¶ 9(j).)

6

provisions in the contract cannot be interpreted through an examination of documents alone, and require complicated factfinding. In order to justify a suit for an equitable accounting on a cause of action cognizable at law, "the plaintiff must be able to show that the accounts between the parties are of such a complicated nature that only a court of equity can satisfactorily unravel them." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962). "In view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone, the burden of such a showing is considerably increased and it will indeed be a rare case in which it can be met." Id.

Heritage asserts that the nature of these claims, in that they involve coverage and "medical necessity" issues, renders them too complicated for resolution in a court of law. Heritage cites to a recent case from the United States Supreme Court, Pegram v. Hendrick, 530 U.S. 211 (2000), in support of its contention that these issues are not amenable to a determination in a court of law. In Pegram, the question before the Supreme Court was whether the treatment and eligibility decisions made by health maintenance organization ("HMO") physicians are fiduciary decisions under the Employee Retirement Income Security Act ("ERISA"). The discussion in Pegram quoted by Heritage in its brief on the complexity of the medical necessity requirement, therefore, relates to the Court's consideration of this issue pursuant to the requirements of ERISA and in the context of determining whether a physician acts as a fiduciary when treating a patient on behalf of an HMO. It is not dispositive of the question of whether the medical necessity determinations made pursuant to the contract between Humana and Heritage were sufficiently complex to warrant the equitable relief of an accounting.

7

Moreover, Heritage's arguments regarding medical necessity do not demonstrate that the claims in this case are so unique that this is one of "those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone." Dairy Queen, 369 U.S. at 478. Heritage does not allege that the medical necessity standard in this case is unusually complicated or that the issues in this contract are distinguishable from any other contract which gives a party discretion to make determinations based upon "medical necessity." Heritage's arguments, therefore, would lead to the conclusion that all cases involving an analysis of the "medical necessity" standard are sufficiently complicated so as to warrant the equitable relief of an accounting. The Court does not believe that all such cases do warrant equitable relief, and does not find that the allegations in Count II of Heritage's Counterclaim demonstrate that the issues involved here are unusually complex.

## II. Conclusion

The Court finds that Heritage has not established that there is no adequate remedy at law, or that the case either involves a breach of fiduciary duty or issues which are sufficiently complex so as to warrant the equitable remedy of an accounting. For these reasons, Humana's Motion to Dismiss Count II of Heritage's Amended Counterclaim, filed on October 11, 2000, is GRANTED. Count II of Heritage's Amended Counterclaim is DISMISSED.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: Jan. 2, 2001